July 18, 1978

## 78-39 MEMORANDUM OPINION FOR THE SOLICITOR, DEPARTMENT OF THE INTERIOR

### Antilobbying Laws (18 U.S.C. § 1913, Public Law 95-465, 92 Stat. 1291)—Department of the Interior

This is in response to your request that we consider the effect of 18 U.S.C. § 1913 and several appropriation act riders on various materials prepared by the Department of the Interior for public release in connection with proposed legislation.

This Department has long taken the position that the purpose of 18 U.S.C. § 1913, as revealed in its legislative history, is to restrict the use of appropriated funds for a campaign of telephone calls, telegrams, letters, or other disseminations particularly directed at members of the public urging the recipients to contact Members of Congress about pending legislative matters. Section 1913 has not been construed by this Department to sweep more broadly than this evident legislative purpose so as to preclude the President or executive branch agencies from informing the public about programs and policies of the administration, including those that touch on legislative matters. This interpretation of § 1913, drawn from its legislative history, is consistent with rules of construction applicable to criminal statutes generally. Moreover, it respects the First Amendment right of the public to receive information about administration programs and the President's constitutionally based role in the legislative process.

Section 304 of the Interior Department Appropriation Act (Pub. L. No. 95-465, 92 Stat. 1291) by its terms appears to incorporate the substance of § 1913 and should presumably be interpreted in the same manner as that provision. Our interpretation of provisions such as that in § 607(a) of the Treasury, Postal Service, and General Government Appropriation Act of 1979 (Pub. L. No. 95-465, 92 Stat. 1001), which largely conforms to interpretations by the Comptroller General, have been based on similar considerations as those identified above in connection with 18 U.S.C. § 1913.

Your Department's press releases that merely disclose information that officials of your Department have given congressional testimony, made public speeches, or explained the administration's legislative proposals, but do not call

for the reader to contact the Congress, do not raise questions under the relevant statutory provisions. In any event, normal distribution of releases to the press, whose members may then independently determine whether to publish material contained in the releases, are qualitatively different than broad disseminations made directly by the Government to individual members of the public.

The Secretary's statement included in a series of columns in local newspapers, touching on nonlegislative issues, appears to be a legitimate explanation of the Department's position on major issues of public importance. It does not raise a question under the relevant statutory provisions, nor do newsletters addressed to persons who had asked to be on a mailing list, containing a straightforward explanation of issues of concern to the Department but making no suggestion that the reader contact Congress.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*
